**NOT FOR PUBLICATION**                                          **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| D&K CONSTRUCTION CO., INC., | : |
| | : Civil Case No. 10-5257 (FSH) (PS) |
| Plaintiff, | : |
| | : **ORDER** |
| v. | : |
| | : May 25, 2011 |
| PLUMBERS LOCAL UNION 24, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

---

**HOCHBERG, District Judge**:

## I.        INTRODUCTION

This matter comes before the Court upon cross-motions filed by plaintiff D&K

Construction Co., Inc. ("D&K") and defendants, Plumbers Local Union 24 ("Union") and

Plumbers Local 24 Benefit Funds ("Union Funds"), to confirm and vacate an arbitration award

issued on February 26, 2010, and modified on August 9, 2010 (the "Award").  The Award

addresses a dispute between D&K and defendants under a Project Labor Agreement

("Agreement") to which both D&K and the Union are parties.  The dispute arose when a

subcontractor used by D&K pursuant to the Agreement failed to make required contributions to

the Union Funds.  The Award held D&K jointly and severally liable with the subcontractor for

the unpaid contributions, interest, liquidated damages, attorneys' fees and costs.  D&K contends

that the award should be vacated because there is no basis under the terms of the Agreement for

1

D&K to be held liable for the unpaid contributions, interest, liquidated damages, attorneys' fees and costs.

## II.    BACKGROUND

The Agreement contains two provisions that are central to this action.  First, the Agreement contains a detailed provision regarding contributions to the Union Funds.  Under that provision:

> A.  The Contractors agree to pay contributions on behalf of all employees covered by this Agreement to the established employee benefit funds in the amounts designated in the appropriate Schedule A . . . .
>
> B.  The Contractor agrees to be bound by the written terms of the legally established Trust Agreements specifying the detailed basis on which payments are to be paid into and benefits paid out of, such Trust Funds but only with regard to work done on this Project . . . .
>
> C.  Should any contractor or sub-contractor become delinquent in the payment of contributions to the fringe benefit funds, then the subcontractor at the next higher tier, [sic] or upon notice of the delinquency claim from the Union or the Funds, agrees to withhold from the subcontractor such disputed amount from the next advance, or installment payment for work performed until the dispute has been resolved.
>
> Agreement, Article 11, Section 2.

Second, the Agreement contains a general liability provision.  That provision is contained in Article 2, which is titled "General Conditions," Section 5, which is titled "Liability."  The general liability provision states that:

> The liability of any Contractor and the liability of any Union under this Agreement shall be several and not joint.  The PMF and any Contractor shall not be liable for any violations of this Agreement by any other Contractor.
>
> Agreement, Article 2, Section 5.

On May 18, 2009, the Union Funds notified D&K that one of its subcontractors, A. Pflugh, Inc. ("Pflugh") had failed to make required contributions to the Union Funds.  D&K responded to the Union Fund's notice by withholding payments due to Pflugh and making payments to the Union Funds.  The Award indicates that D&K used the withheld funds to pay a total of $74,983.76 in contributions to the Union Funds for work performed for subcontractor Pflugh during payroll periods between April 26, 2009 and December 19, 2009.  Certification of Ranit Shiff ("Shiff Certification"), Ex. F at 8.  However, it also indicates that a $44,880.52 balance remained owing by subcontractor Pflugh for work performed by Union members on the relevant project.  *Id*. at 3.

The Award concluded that Pflugh violated the Agreement by failing to make the required contributions and that Pflugh was liable to the Union Funds for $44,880.52, plus interest of $1,870.02, liquidated damages of $8,796.10,[1] attorneys' fees of $6,732.07 and the arbitrator's fee of $2,500.00.  *Id*. at 9-10.  The Award then concluded that "[n]otwithstanding payments made to Plumbers Local 24 Benefit Funds for the liability of A. Pflugh, Inc. to date, D&K Construction Co., Inc. remains jointly and severally liable for the delinquent contributions due Plumbers Local 24 Benefit Funds, pursuant to Article 11, Section 2 of the PLA and shall withhold from the next advance or installment payment due A. Pflugh . . . amounts due the Plumbers Local 24 Benefit Funds."  *Id*. at 11.  The Award does not cite or discuss the liability provision of the Agreement. After the Union recovered on a $15,000 surety bond, the Award was adjusted from a total of $64,958.71 to $44,081.73.  Shiff Certification, Ex. I, Ex. J.

---

[1] It is not at all clear why there should be liquidated damages if it is possible to compute precisely the actual amount owed plus interest, attorneys' fees, and the arbitrator's fee.  In such circumstances, liquidated damages appear to be more in the nature of a penalty.

3

**III.     STANDARD OF REVIEW**

"District courts have very little authority to upset arbitrator's awards." *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995). A court "may not overrule an arbitrator simply because it disagrees with the arbitrator's construction of the contract," but must enforce the award so long as "the arbitrator has *arguably* construed or applied the contract, regardless of [whether] . . . a court is convinced that [the] arbitrator has committed a serious error." *News America Publications, Inc. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990) (emphasis in original).  An award should not be vacated so long as it "draws its essence" from a collective bargaining agreement.  *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597-99 (1960).

However, an award may be reversed where there is "no support at all in the record justifying the arbitrator's determinations." *United Transp.*, 51 F.3d at 379.  An award should be vacated if its findings cannot "be rationally derived either from the agreement between the parties or from the parties submissions to the arbitrators" and the terms of the award are "completely irrational." *Mut. Fire, Marine & Inland Ins. Co. v. Norad Reins. Co.*, 868 F.2d 52, 56 (3d Cir. 1989) (quotations omitted).  An award may also be vacated if the arbitrator ignored the plain language of a contract, or essentially rewrote material terms of the contract. *Exxon Shipping Co. v. Exxon Seamen's Union*, 788 F. Supp. 829, 835 (D.N.J. 1992); *PMA Capital Ins. Co. v. Platinum Underwriters*, 2010 U.S. App. LEXIS 23222 *5 (3d Cir. Oct. 7, 2010).  In addition, an award may be remanded to an arbitrator for clarification where the award is ambiguous. *See Colonial Penn. Ins. Co. v. The Omaha Indem. Co.*, 943 F.2d 327, 334 (3d Cir. 1991), *La Vale Plaza, Inc. v. R.S. Noonan, Inc.*, 378 F.2d 569, 573-74 (3d Cir. 1967)

4

## IV.    DISCUSSION

D&K argues that the arbitrator made numerous errors when rendering the Award, including: (1) holding D&K jointly and severally liable for the unpaid contributions without finding that D&K itself breached its obligations under the Agreement, (2) including deficiency amounts accrued prior to the date on which D&K was put on notice of the initial delinquency incurred by Pflugh, (3) neglecting to factor in the union's own conduct in allowing the deficiency to accrue beyond the bonded amount of $15,000, (4) holding D&K responsible for interest, administrative fees and liquidated damages, and (5) not requiring the substantiation of the original asserted deficiency amount.  Defendants argue that the arbitrator considered and rejected D&K's arguments after a full and fair hearing and that the Award is entitled to substantial deference from the Court.

The Award concluded that "notwithstanding good-faith effort" by D&K "to ensure timely contributions" D&K was jointly and severally liable to the Union Funds "for the delinquency of Pflugh."  Shiff Certification, Ex. F. at 10.  The Award indicated that this finding was made "pursuant to Article 11, Section 2" of the Agreement.  *Id*. at 11.  The Award then directed D&K to "withhold from the next advance or installment payment due A. Pflugh . . . amounts due the Plumbers Local 24 Benefit Funds."  *Id*. at 11.  The Award contains no explanation as to why Article 11, Section 2 of the Agreement establishes that D&K is jointly and severally liable with Pflugh.  Nor does the Award contain a finding that at the time of the Award, D&K owed any advance or installment payments to Pflugh.[2]  Further, the Award does not at any point cite or

_____

[2] The Award indicates that D&K terminated its contract with Pflugh on December 14, 2009 and that Pflugh was closing its business, but had filed a $340,000 delay claim against D&K. *Id*. at 10.  However, the Award does not conclude that D&K actually owed Pflugh anything in

discuss Article 2, Section 5 of the Agreement, which provides that "[t]he liability of any Contractor and the liability of any Union under this Agreement shall be several and not joint. The PMF and any Contractor shall not be liable for any violations of the Agreement by any other Contractor."

Accordingly, it is unclear from the Award what the arbitrator reasoned was the basis for the arbitrator's finding that D&K is liable to the Union Funds, and how such reasoning draws its essence from the Agreement. The Award does not cite or discuss the general liability provision of the Agreement, nor explain in any way the interplay of that provision with Article 11, Section 2 of the Agreement, nor explain why the timing and delinquency amount arguments of D&K were rejected, nor whether the arbitrator concluded that D&K would be able to withhold funds due to Pflugh based on the circumstances existing at the time of the Award. It is thus not possible for the Court to determine whether the Award "draws its essence" from the Agreement. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598-99 (1960). Where an award "does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination." *Colonial Penn*, 94 F.2d at 332. Similarly, where an award "although seemingly complete, leaves doubt whether the submission has been fully executed, an ambiguity arises which the arbitrator is entitled to clarify." *Id.*[3]

---

connection with work on the relevant project.

[3] The Award itself acknowledges the possibility that further interpretation of the Award by the arbitrator would be necessary by expressly providing that "[t]he Arbitrator shall retain jurisdiction of this matter in the event of any dispute . . . relating to or arising from the interpretation or application of this Order." Shiff Certification, Ex. F. at 11.

The Award in this case is ambiguous because it does not establish, *inter alia*: (1) whether the arbitrator considered Article 2, Section 5 of the Agreement, (2) why D&K is jointly and severally liable for the delinquency incurred by Pflugh, (3) the basis for D&K's liability under the Agreement for pre-notice deficiencies incurred by Pflugh, (4) whether at the time of the Award, D&K owed any advance or installment payments to Pflugh that D&K could have withheld from Pflugh, and (5) whether liquidated damages constitute an impermissible penalty in this case, given the award of full damages, interest, attorneys' fees, and the arbitrator's fee to the Union Funds.  Because "[a] district court itself should not clarify an ambiguous arbitration award but should remand it to the arbitration panel for clarification," the Court will remand the Award to the arbitrator for clarification.  *Id.* at 334.  Upon remand, the arbitrator is directed to clarify the basis for his conclusion that D&K is liable under the Agreement.

## V.     ORDER

For the reasons expressed above, the Court finds that the Award is ambiguous and should be remanded to the arbitrator for clarification.

Accordingly, it is **ORDERED** that the Award is remanded to the arbitrator, J.J. Pierson, Esq., for clarification.  The clarified award should include an explanation of the impact, if any, of Article 2, Section 5 of the Agreement on D&K's potential liability to defendants.  If D&K's liability is based on a failure by D&K to comply with Article 11, Section 2.C. of the Agreement, the clarified award shall also indicate: (1) how D&K failed to comply with Article 11, Section 2.C., (2) whether and why D&K is liable for deficiencies incurred by Pflugh before D&K was notified of such deficiencies, and (3) whether at the time of the Award, D&K owed any advance or installment payments to Pflugh that D&K could have withheld.  If D&K's liability is not based

on a failure by D&K to comply with Article 11, Section 2.C. of the Agreement, the clarified award shall provide an explanation of the basis for D&K's liability to defendants. Finally, if the clarified award includes an award of liquidated damages, it shall contain an analysis of the law of liquidated damages and an explanation of why any liquidated damages awarded do not constitute an impermissible penalty under the facts of this case.

It is **FURTHER ORDERED** that the cross-motions of the parties to vacate and to confirm the Award are administratively terminated as premature.

/s/ Faith S. Hochberg

Hon. Faith S. Hochberg, U.S.D.J.